PD-0103-15 *Court of Criminal Appeals*

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 13 2015

Abel Acosta, Clerk

Re: Jimmy Johnson T.D.C# 727145

FILED IN
COURT OF CRIMINAL APPEALS

FEB 13 2015

Abel Acosta, Clerk

Trial Cause# F-95-72894-HV COA # ~~05-14-01453-cr~~

P.D.# 0103-15

Amended Motion For leave to File For
Reconsideration under Rule 68.2 (6)(C)

To The Honorable Judge of said court

The Appellant Jimmy Johnson Request For Permission to Appeal this Subsequent Petition under Rule 68.2 (6)(C) in Motion For leave to File For Reconsideration And Motion to File For A Stay, Motion to consolidate Appeal with Previously File Brief under Rule 38.1 (h) to consider Motion to Extent time For Reconsideration in Rule 10.5 (b) And Motion For Rehearing For Finding of Fact And Conclusion of law And Free Statement of Facts to Recall Mandate in Rule 18.7 If An Appellate Court vacate or modifies its Judgment or order After Issuing its mandate, the Appellate Clerk must Promptly notify the clerk of the Court which the mandate was directed And All PARTIES. the mandate will have no effect And A New mandate may issue, because the Appellant Johnson is entitled to one Appeal As of Right As mandated by the Supreme Court of the United States See Douglas us California 372 U.S. 353, 83, S. Ct. 814 (1963) Further the 6th And 14th

(1)

Amendment of the United States Constitution mandate that Appellant Johnson Received effective Assistance of counsel on my 1st Appeal As A Right, And that, Should An Appeal be dismissed For Failure to comply with A State Appellate Rules, Such Appeal must be Remanded to the State Court of Appeals For Full hearing of the merits of the Appeal see Evitt vs Lucey 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d. 821 (1986) on Request to Reverse And Remand For An Evidentiary hearing, when A Preponderance of Newly discovered evident demonstrates that but For A Violation of the United State Constitution, No Rational Juror would have convicted me Against A 1st degree Murder Against No Evidence, No Affirmative Finding of A weapon denied the Appellant A Fair And Impartial Trial when my Trial counsel Russ Henrichs Failed to Investigate my case, Failed to Object to the Jury Charged And my Appellate counsel John H. Hagler was Also ineffective Assistance of Counsel when he Failed to Raise Grounds Against my Trial counsel Failure to Request For A Mistrial or Acquittal and it is well settle In my case of Actual Innocence Against Prosecutorial Misconduct, because A Preponderance of Newly discovered evidence demonstrates By Clear And convincing evidence that A Jury would Acquit the Appellant Johnson Base on Newly discovered evidence, And In light of this Newly discovered evidence, the

(2)

CONSTITUTIONAL ERROR PROBABLY Resulted IN A CONVICTION OF one WAS Actually iNNocence, because the evidence that WAS NOT Known to the Appellant Johnson At the time of TRial and Could not be known to me even with the exercise of due diligence and I CAN NOT Rely uPON evidence or Facts that were Available at the time of MY TRial Plea, or Post TRial Motions, Such As Motion FoR A New TRial, on Request foR Relief AGAinst denial of A FundAmentAl Right, because I was harmed Fron A FAiR And iMPARtiAl TRial when I WAS Sentence to AN illeGal and void life Sentence AGAinst A 1st deGree MurdeR FoR Further Review deciding A verdict see C.C.P. Article 36.19 Not the BeYond A ReAsonAble doubt StAndard of Rule 44.2 @. is the AppRoPriate StandARd of hARmless eRRoR Review FoR AN unobjected-to-eRRoR in the trial courts ChARGe that was claimed to violate A constitutional provision see Jiminez vs State 32 S.W. 3d. 233 Texas Crim. App. (2000). IN texas, the Criminal law that corresponds to unpreserved error is called Plain ERRoR oR FundAmentAl ERRoR, the court explained that FundAmental eRRoR iN JuRY CHARGes is Reviewed Pursuant to Article 36.19, Not Rule 44.2 @. The eGReGious hARM test is Proper StAndard FoR Review when, without objection, A JuRY CHARGe includes A defensive issue, but fails to contAin the defensive issue in the APPlication PARAGRAPh see State us

(3)

BARRERA 982 S.W. 2d. 415 Tex. Crim. App. (1998). The Court decided that Review of the Jury Charge error in BARRERA was controlled by Article 36.19 and Almanza vs State 686 S.W. 2d. 157 Tex. Crim. App. (1984). Under Almanza a defendant who complains on appeal of an unobjected to error in the Charge is entitled to Reversal. When Neither harm, standard set out in Article 36.19 as construed by Almanza vs State 686 S.W. 2d at 157 applies unless an appellate court first finds error in the Jury Charge. See Posey vs State 966 S.W. 2d. 57 Tex. Crim. App. (1998). Neither Article 36.19 nor Almanza apply in determining whether there was an error in the Jury Charge. This is because neither harm standard to Jury Charge error set out in Article 36.19 as Construed by Almanza applies unless the Record First shows that any Requirement of various statutory provisions Referenced in Article 36.19 has been disgarded. This defines the error for purpose of Almanza. Posey 966 S.W. 2d at 60 See Also Hutch us State 922 S.W. 2d. 166 Tex. Crim. App (1996). the Sufficiency of the evidence should not be measured by the Jury Charge see Malik vs State 953 S.W. 2d. 234 Tex. Crim. App. 1997, Blanco vs State 962 S.W. 2d. 46 Tex. Crim. App. 1998. the Malik decision over Ruled the Benson – Boozer lines of cases (Benson us State 661 S.W. 2d at 708 cert. denied 467 U.S. 1219 (1984) and Boozer us State 717 S.W. 2d at 608 Tex. Crim. App (1984) the harmless error Rule in Article 36.19 applies

to Appellate Review of Error in failing to require a Jury instruction concerning evidence obtained in violation of law under Article 38.23 and Atkinson vs State, 923 S.W. 2d. 21 Tex. Crim. App. 1996, where the court has misdirected the Jury as to the law or has committed some other material error calculated to injure the right of the accused, where the verdict has been decided by lot or in any manner than by a fair expression of opinion by Juror, where a Juror has received a Bribe to convict or has been Guilty of any other corrupt conduct, where any material witness of the State or defendant has by force, threats or fraud been prevented from attending the court, or where any evidence tending to establish the innocence of the accused has been intentionally destroyed or withheld preventing its production at trial, where new evidence favorable to the accused has been discovered since trial, where after retiring to deliberate the Jury has received other evidence, or where a Juror has conversed with any other person in Regard to the case, where the court finds the Jury has engaged in such misconduct that the accused has not received a fair trial and where the verdict is contrary to the law and evidence, a court must grant a new trial when it has found a meritorious ground for a new trial, but a court must

(5)

Grant only a New Trial on Punishment when it has found a Ground that Affected only the Assessment of Punishment, Granting a New Trial Restores the case to its Position before the Former Trial, Including, At any Party Option, Arraignment or Pretrial Proceeding Initiated By that Party, Granting a New Trial on Punishment Restores the case its Position AFTER the defendant was found Guilty, unless the defendant, the State And Trial court All Agree to a Change, Punishment in A New Trial shall be Assessed in Accordance with <u>C.C.P. 44.29 of Article 11170 37.07 ± 2 (b)</u> And the defendant oRiGinal election on A Finding or verdict of Guilt in the former Trial must not be ReGarded As A Presumption of Guilt, NoR may it be Alluded to in the Presence of the Jury that hears the case on Retrial of Guilt, A Finding of Fact or An Assessment of Punishment in the former Trial may not be Alluded to in the Presence of the Jury that hears the case of Retrial of Punishment to Prove my innocence And that I am unlawfully Restrained and confined see <u>Rule 68.10, Rule 68.11 And Rule 69.4 (b)</u> for Relief, On determining the LeGal sufficiency, to View the Evidence in the light most favorable to the verdict, to determine whether any Rational trier of facts could have found the Essential element of the offense Beyond a Reasonable doubt see.

(6)

Jackson vs Virginia 443 U.S. 307, 319 S. Ct. 2781, 2789, 61, L. Ed. 2d. 560 (1979) See Motion to set Aside conviction and Motion in arrest of Judgment with Motion to set Aside verdict and Also Motion to set Aside and Quash an Fundamental defective indictment to discharge the Appellant Johnson from the texas Department of Criminal Justice.

2-10-2015
Date

Jimmy Johnson
Appellant Signature

### Certificate of Service Rule 9.5
### Rule 2 Suspension of Rules

The Appellant Jimmy Johnson verify the statement made in this Amended Affidavit of Inability to Pay court costs and initial filing fees without Prepayment of fees to File Motion for leave to File for Reconsideration under Rule 68.2 b (c) is true and correct under the Penalty of Perjury see 28 U.S.C. 1746 for Purpose of mailbox Rule 4 (c) 1, 2, 3 (d) for the original and copies of Records in Rule 9.3 b, Rule 34.5 (c), Rule 34.6 (c)(4), Rule 35.2 c and Rule 35.3 (b)(3) for service in Local Rule 10, 11, 12 c and Benefits.

2-10-2015
Date

Jimmy Johnson
Appellant Signature

⑦